**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TEXAS COMMUNITY BANK, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3514 |
| | § | |
| JERRY R. DUNN, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

The third-party defendants, 3D Resorts, Inc. and 3D Resort Communities, LLC (together, 3D Resorts), moved to dismiss the third-party complaint seeking contractual indemnification filed by Jerry R. Dunn. (Docket Entry No. 24). The basis for the dismissal is improper venue. The motion is brought under Rule 12(b)(3) of the Federal Rules of Civil Procedure and seeks to enforce a forum-selection clause in the contract containing the indemnity provision. The forum-selection clause states that "venue for any legal action arising out of this Agreement shall lie in Comal County, Texas." Four months before Dunn filed this third-party complaint against 3D Resorts, he was sued by 3D Resorts, LLC in state court in Comal County, Texas. That state court suit was based on the same contract containing the indemnity and forum-selection clauses at issue here. Dunn removed to the federal district court for the Western District of Texas, San Antonio Division. Comal County, Texas is in the San Antonio Division of the Western District of Texas.

For the reasons stated below, based on the pleadings; the motion to dismiss, the response, and reply; the record; and the applicable law, this court denies the motion to dismiss under Rule 12(b)(3) and sets a deadline of **September 3, 2010** for 3D Resorts to supplement the record on the

factors relevant to considering transfer under 28 U.S.C. § 1404(a). This court also notes that unless it transfer this case, whether the dispute between Dunn and 3D Resorts proceeds here or in the case pending in the federal district court in the Western District of Texas will be up to that court under the first-filed rule followed in this circuit.

Dunn also moved for leave to amend its answer to the complaint filed by Texas Community Bank. (Docket Entry No. 21). Texas Community Bank has not responded. The motion for leave to amend is granted.

**I.      Background**

Texas Community Bank, N.A. sued Dunn over a promissory note. (Docket Entry No. 1). In June 2010, Dunn obtained leave to file a third-party complaint between 3D Resorts seeking indemnity under a Purchase Agreement with Dunn. (Docket Entry No. 14). The Purchase Agreement contains the forum-selection provision cited above. (Docket Entry No. 11-4, Ex. B at 13.5). Comal County, the location specified for litigating claims arising out of the Agreement, is where the offices of 3D Resorts are located. (*Id.* at 13.4). When Dunn sued 3D Resorts in this suit, 3D Resorts filed this motion to dismiss under Rule 12(b)(3) on the basis of the forum-selection clause. (Docket Entry No. 24). 3D Resorts does not ask this court to transfer to the Western District of Texas, San Antonio Division. (Docket Entry No. 24-3). Dunn states that if this court denies the motion to dismiss, he intends to ask the Western District court to transfer the case pending there to this district to be consolidated into this case. (Docket Entry No. 28, p. 12, n.7).

**II.     Analysis**

The forum-selection clause in the Purchase Agreement states that venue in Comal County is mandatory, not permissive. *Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127–28 (5th Cir.

1994).  In *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S. Ct. 1907, 1913, 1916, 32 L. Ed. 2d 513 (1972), the Supreme Court held that in admiralty cases forum-selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances," by "clearly show[ing] that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." It is settled law in the Fifth Circuit that a forum-selection clause requiring exclusive venue triggers application of the *Bremen* test to determine if the clause is enforceable.  *Int'l Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 114–15 (5th Cir. 1996); *Canvas Records, Inc. v. Koch Entm't Distribution, LLC*, No. H-07-0373, 2007 WL 1239243, at *4 (S.D. Tex. Apr. 7, 2007).  Dunn does not attempt to show "that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching," *M/S Bremen,* 407 U.S. at 15, although he does raise a waiver argument.[1]   Dunn primarily argues that because the clause permits filing in a federal as well as state court, the proper motion is not to dismiss under Rule 12(b)(3) but to transfer under 28 U.S.C. § 1404(a).  Dunn argues that 3D Resorts has not made the necessary showing to allow this court to transfer.  (Docket Entry No. 28, p. 2–3).

3D Resorts responds that it does not seek transfer and dismissal under the *Bremen* standard is the proper result.  (Docket Entry No. 30).  When a forum-selection clause designates a state-court forum, an arbitral forum, or a forum in a foreign country, the proper remedy is dismissal.  *Amplicon*, 77 F.3d at 113–15 (state-court forum); *Lim v. Offshore Specialty Fabricators, Inc*., 404 F.3d 898, 900

---

[1]   Dunn's waiver argument is unpersuasive.  3D Resorts did not waive its right to enforce the forum-selection clause.  The clause designates Comal County, Texas as the venue for filing suits but does not specify a state or federal court.  (Docket Entry No. 11-4, Ex. B at 13.5).  3D Resorts sued Dunn in the state court in Comal County and Dunn removed based on diversity jurisdiction to the appropriate federal court, which includes Comal County in its geographic area.  3D Resorts did not "intentionally relinquish" its rights under the forum-selection clause by not filing a motion to remand.

(5th Cir.), *cert. denied*, 546 U.S. 826, 126 S.Ct. 365, 163 L.Ed.2d 71 (2005) (arbitral forum); *M/S Bremen*, 407 U.S. at 2 (foreign forum). In *Amplicon*, the Fifth Circuit distinguished such a situation from that in which the clause permits transfer to another federal district court, making transfer permissible. 77 F.3d at 114–15. The court noted that some district courts in other circuits have treated a motion to dismiss as a motion to transfer, but distinguished these cases by stating that "these cases, unlike our own, did not involve a forum-selection clause that limited the agreed venue to a state court." *Id.*

This case involves the situation the Fifth Circuit distinguished in *Amplicon.* When, as here, a forum-selection clause allows suit to be brought in either the state or the federal courts of a different forum, making transfer to another federal court an option, the majority of the federal district courts have held that a motion to transfer under § 1404(a) analyzed under the balancing test set forth in *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988), not a motion to dismiss under *Bremen,* is the proper approach. *See, e.g.*, *Interactive Music Tech. v. Roland Corp.*, No. 6:07-CV-282, 2008 WL 245142, at *7 (E.D. Tex. Jan. 29, 2008) ("Where the designated venue in a forum-selection clause is another federal court, the majority of District Courts in the Fifth Circuit have interpreted Supreme Court and Fifth Circuit precedent to mean the proper way to enforce the clause is through a venue transfer pursuant to 28 U.S.C. § 1404(a), and not dismissal for improper venue pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a)."); *Southeastern Consulting Group, Inc. v. Maximus, Inc.*, 387 F. Supp. 2d 681, 683–84 (S.D. Miss. 2005) ("The vast majority of those [district] courts have likewise construed *Stewart* with *Amplicon* in deciding that a motion to dismiss for improper venue, either under § 1406 or Rule 12(b)(3), is inappropriate when a motion to transfer venue pursuant to § 1404 is an alternative."); *Canvas Records*, 2007 WL 1239243, at *4 ("Several federal district courts have addressed this issue and have held that when

transfer to another federal district court is an option, *Stewart*, not *Bremen*, is the proper analytical guide."); *see also Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 2007, No. A-07-CA-421, 2007 WL 3256210, at *4 (W.D. Tex. Nov. 2, 2007) (collecting cases). As Wright & Miller summarize,

> A growing number of district courts have rejected dismissal under either Rule 12(b)(3) or Rule 12(b)(6) based on a forum-selection clause. Instead, these courts have determined that transfer pursuant to Section 1404(a) is the preferred method for dealing with a forum-selection clause as long as venue is appropriate in the chosen district. Under this view, dismissal is only appropriate when transfer is impossible, such as when the chosen forum is in a foreign country or when the district is not a place in which the action could have been brought. For example, in *Digital Envoy Inc. v. Google Inc.* the district court rejected the defendant's attempt to dismiss the case pursuant to Rule 12(b)(3) because the chosen forum was the Northern District of California and therefore the case could be transferred. Given Section 1404(a)'s emphasis on convenience and justice, transfer, rather than the harsh remedy of dismissal, seems to be the better approach whenever possible.

5B CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1352 (3d Ed. 2004).

Although the parties do not seek transfer, the forum-selection clause at issue permits transfer to the Western District of Texas, San Antonio Division. Under the majority of cases, § 1404(a) is the proper procedural mechanism to enforce the forum-selection clause by determining whether transfer is appropriate. Under § 1404(a), a district court must weigh a number of factors.[2] The

---

[2] Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court should consider a number of private and public interest factors, "none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004). The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6, 102 S. Ct. 252, 70 L. Ed. 2d (1981)). The public interest factors are: "(1) the

presence of a forum-selection clause is "a significant factor that figures centrally into district court's calculus." *Stewart*, 487 U.S. at 29; *Brock v. Baskin-Robbins USA Co.*, 113 F. Supp. 2d 1078, 1084 (E.D. Tex.2000). Although the forum-selection clause is a significant factor in the transfer analysis, on its own it is not sufficient to justify transfer. "The forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration . . . nor no consideration, but rather the consideration for which Congress provided in § 1404(a)." *Stewart Org., Inc.*, 487 U.S. at 31.

The motion to dismiss is denied. The issue will be considered as a motion to transfer under § 1404(a). Dunn has presented some evidence on the factors to be considered under § 1404(a). No later than **September 3, 2010**, 3D Resorts must supplement its motion with evidence of the balance of factors to be considered, particularly the convenience of the nonparty witnesses.

### III.    Conclusion and Order

The motion to dismiss, (Docket Entry No. 24), is denied. The motion is treated as one to transfer under § 1404(a). No later than **September 3, 2010**, 3D Resorts must supplement the record with evidence of the balance of factors to be considered under § 1404(a). Dunn also moved for leave to amend its answer to the complaint filed by Texas Community Bank. (Docket Entry No. 21). Texas Community Bank has not responded. The motion for leave to amend is granted.

SIGNED on August 13, 2010, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.*